IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TQI NET, INC., | : |
| *Plaintiff*, | : Case No. 1:23-cv-49 |
| v. | : Judge Jeffery P. Hopkins |
| COMMERCIAL BANK OF CALIFORNIA, | : |
| *Defendant*. | : |

# ORDER

District courts have the authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). To that end, Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal of an action "where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 U.S. App. LEXIS 6768, at *5 (6th Cir. Mar. 21, 2023) (quoting Fed. R. Civ. P. 41(b)); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). When deciding whether to dismiss for failure to prosecute, a district court must consider the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Further, it has long been the rule in the Sixth Circuit that

when a party has actual notice that dismissal is contemplated, a court has the discretion to dismiss under Rule 41(b). *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

The relevant factors weigh in favor of dismissal of this case. This action commenced on January 26, 2023. Shortly thereafter, Plaintiff requested that summons be issued and filed a motion for a preliminary injunction. *See* Doc. 4. In relation to its motion for a preliminary injunction, Plaintiff did not contact the Court to request an informal preliminary conference in accordance with S.D. Ohio Civ. R. 65.1(a). Plaintiff subsequently voluntarily dismissed one of the defendants in this action on February 10, 2023. *See* Doc. 9. That is the last action that Plaintiff took in this case. This case was thus stagnant until September 26, 2025—when, more than two years later, this Court ordered Plaintiff to show cause not later than October 17, 2025, why this case should not be dismissed for failure to prosecute. Doc. 10. Plaintiff was advised that failure to respond may result in dismissal for failure to prosecute. Doc. 10, PageID 274. To date, Plaintiff has made no effort to respond to the Show Cause Order, nor prosecute this case. When considering all of these facts amidst the factors laid out by the Sixth Circuit in *Wu*, the Court finds that dismissal for failure to prosecute is warranted.

Accordingly, this action is **DISMISSED** without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). *See Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004) (citation omitted) (explaining that "dismissal without prejudice is a comparatively lenient sanction" to dismissal with prejudice).

**IT IS SO ORDERED.**

October 27, 2025

Jeffery P. Hopkins
United States District Judge